NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2031
_____

GIORGI BULEISHVILI,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(A204-096-043)
Immigration Judge: Nicholas Martz

Submitted Under Third Circuit LAR 34.1(a)
January 6, 2023

Before: HARDIMAN, SMITH, and FISHER, *Circuit Judges*.

(Filed:  January 19, 2023)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge.*

Giorgi Buleishvili petitions for review of a Board of Immigration Appeals order dismissing his appeal. The Board upheld the Immigration Judge's order of removal, and denial of a waiver of inadmissibility. We will deny in part and dismiss in part Buleishvili's petition.

I

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). But since the IJ found Buleishvili removable because of an aggravated felony, we may review only "constitutional claims and questions of law." *Id.* § 1252(a)(2)(D); *see id.* § 1252(a)(2)(C); *Chiao Fang Ku v. Att'y Gen.*, 912 F.3d 133, 138 (3d Cir. 2019).

Buleishvili contests the aggravated felony determination. He argues that the Department of Homeland Security failed to prove that he was convicted of "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i).[1] But documents the Board is permitted to consider show otherwise. *See Chiao Fang Ku*, 912 F.3d at 139. His judgment of conviction states that he was convicted under "18 USC 1349" for "Conspiracy to Commit Mail Fraud, Wire Fraud and Health Care Fraud." AR 1661. His judgment also orders

---

[1] We have jurisdiction and consider his claim de novo "because it is a purely legal question, and one that governs our own jurisdiction." *Chiao Fang Ku*, 912 F.3d at 138 (cleaned up). Buleishvili presented this argument to the IJ and the Board, and the IJ rejected it, thus satisfying our liberal exhaustion policy. *See Luziga v. Att'y Gen.*, 937 F.3d 244, 251 (3d Cir. 2019).

restitution of over $13 million. Buleishvili's pre-sentence investigation report reinforces that this was "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i); *see Rad v. Att'y Gen.*, 983 F.3d 651, 670 (3d Cir. 2020).

II

Buleishvili next argues that the IJ violated his due process rights at the hearing by forcing his attorney to appear by telephone and by asking biased questions. Neither contention has merit.

The record does not support the claim that the IJ prevented Buleishvili's lawyer "from reasonably presenting his case" or "that substantial prejudice resulted" from his telephone appearance. *See Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007) (cleaned up). Buleishvili describes the hearing before the IJ as "marred by confusion and unintelligibility." Buleishvili Br. 25. Yet the transcript reveals nothing more than the ordinary challenges of conducting a meeting remotely. The IJ handled the situation professionally and appropriately. At the first sign of a technical difficulty, he verified that the interpreter and Buleishvili could understand one another and told Buleishvili: "if you need anything repeated or if you're having any trouble hearing the interpreter, please just let us know, and we'll make sure that we . . . have it repeated so that you can understand everything." AR 163. The interpreter also clarified that he would ask speakers to repeat anything he could not hear and did so when necessary.

Nor do we agree with Buleishvili that the IJ violated 8 U.S.C. § 1229a(b)(2) by requiring counsel to appear by telephone. The statute dictates that "[a]n evidentiary

3

hearing on the merits may only be conducted through a telephone conference with the consent of the alien involved after the alien has been advised of the right to proceed in person or through video conference." *Id.* § 1252a(b)(2)(B). This provision cannot help Buleishvili because he appeared by video—only his lawyer appeared by telephone. The statute does not guarantee counsel a right to appear in person or by video. *See Akwinwande v. Ashcroft*, 380 F.3d 517, 522 (1st Cir. 2004) (interpreting the implementing regulation to "confer[] on the *alien* the right to appear in person, not the right to direct that all *witnesses* appear in person").

Buleishvili's second due process argument—that the IJ asked biased questions of his wife—also fails for lack of prejudice. The IJ inquired about the beginning of her relationship with Buleishvili, while he was still married to another woman, to assess her credibility. But her answer did not prejudice Buleishvili because the IJ fully credited the wife's testimony. Thus, Buleishvili cannot show prejudice on any of his due process claims.

III

Finally, Buleishvili contends that the IJ committed legal error in denying his waiver of inadmissibility. He broadly contends that the IJ failed to consider some evidence while improperly weighing other evidence. But "arguments such as that an Immigration Judge or the B[oard] incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law." *Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007). Because that issue is not legal, we lack

4

jurisdiction to review it. *See* 8 U.S.C. § 1252(a)(2)(B), (D).

***

For the reasons stated, we will deny in part and dismiss in part Buleishvili's petition.